UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NAJAY CUMMINGS,

      Petitioner,

  v.

PHILIP RHONEY, in his official capacity
as Acting Field Office Director in charge
of Buffalo Federal Detention Facility, et
al.,[1]

      Respondents.

**DECISION AND ORDER**

6:25-CV-6664-EAW

---

## BACKGROUND

*Pro se* petitioner Najay Cummings ("Petitioner"), proceeding *pro se*, is a civil immigration detainee currently held at the Buffalo Federal Detention Facility. Petitioner claims that he is being detained in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), pending removal proceedings in violation of the United States Constitution. Petitioner seeks relief under 28 U.S.C. § 2241. (Dkt. 1).

---

[1]     Philip Rhoney is the Acting Field Office Director of the Buffalo Field Office and is substituted in place of Joseph Freden pursuant to Federal Rule of Civil Procedure 25(d). In addition, Todd Blanche is the Acting U.S. Attorney General and is substituted in place of Pamela Bondi; Markwayne Mullin is the Secretary of the Department of Homeland Security and is substituted in place of Kristi Noem; and David Venturella is the Acting Director of ICE and is substituted in place of Daren K. Margolin. The Clerk of Court is directed to update the docket to reflect these substitutions.

- 1 -

Petitioner, a native and citizen of Jamaica, entered the United States on September 6, 2018. (Dkt. 6 at ¶ 3; Dkt. 6-2 at ¶ 5). On October 15, 2019, Petitioner was convicted of attempted murder in the second degree in violation of New York State Penal Law §§ 11-125.25(01). (*See* Dkt. 6 at ¶ 6; Dkt. 6-2 at ¶ 6). On September 25, 2024, Petitioner was served with a Notice to Appear in connection with removal proceedings in relation to his criminal conviction. (Dkt. 6 at ¶¶ 7, 8; Dkt. 6-2 at ¶ 7). On April 9, 2025, Petitioner was transferred from criminal detention and into ICE custody pursuant to 8 U.S.C. § 1226(c). (Dkt. 1 at ¶ 3). On October 3, 2025, Petitioner was ordered removed to Jamaica. (Dkt. 6. at ¶ 11). On November 3, 2025, Petitioner appealed the removal order to the Board of Immigration Appeals, and his appeal remains pending. (*Id.* at ¶ 12; Dkt. 6-2 at ¶¶ 11-12).

Petitioner filed his habeas petition on November 14, 2025. (Dkt. 1). On November 24, 2025, the Court entered a Scheduling Order that directed Respondents to answer the petition within 45 days, and gave Petitioner 25 days to reply. (Dkt. 2). On January 21, 2026, Respondents filed their answer. (Dkt. 6).

On February 1, 2026, the Court issued a Text Order granting the petition to the extent it sought a bond hearing. (Dkt. 7). This Court stated in a subsequent Text Order that a more detailed decision explaining the Court's reasoning would be issued in due course.[2] (Dkt. 8).

---

[2]    In light of the unprecedented volume of immigration habeas petitions pending before this Court and in order to provide expeditious relief to petitioners, the Court at times proceeds by Text Order and then amplifies the basis for its reasoning by written decision later, as it has done here.

Thereafter, Petitioner filed a motion seeking conditional release or to stay (Dkt. 9) on February 9, 2026, and a motion to enforce (Dkt. 14) on February 17, 2026.

## DISCUSSION

### I.    Merits of Petition

"Section 1226 of title 8 authorizes the government to detain a noncitizen pending a decision on whether the alien is to be removed from the United States." *Black v. Decker*, 103 F.4th 133, 140 (2d Cir. 2024) (citation modified).  Petitioner is detained pursuant to § 1226(c), under which "noncitizens who have committed one of certain listed offenses or who have been identified by the government as involved in terrorist activities are subject to mandatory detention." *Id.* at 140-41.

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court "held that detention under section 1226(c) without an *initial* bond determination does not, on its face, violate the detainee's due process rights where detention is 'for the limited period of . . . removal proceedings.'" *Black*, 103 F.4th at 141 (quoting *Demore*, 538 U.S. at 531).  But numerous courts—including this Court and the Court of Appeals for the Second Circuit—have found that "a noncitizen's right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing."  *Id.* at 143; *see also, e.g.*, *Vazques v. Garland*, No. 1:21-CV-00477 EAW, 2022 WL 2467655, at *2 (W.D.N.Y. July 6, 2022) ("[U]nreasonably prolonged immigration detention without appropriate procedural protections may constitute a due process violation.").

Prior to *Black*, this Court (and many district courts within the Second Circuit) applied "the multi-factor approach articulated by the court in *Sajous v. Decker*, No. 18-

CV-2447 (AJN), 2018 WL 2357266, at *1 (S.D.N.Y. May 23, 2018) . . . for addressing procedural due process claims for aliens—like Petitioner—who are detained pursuant to § 1226(c)." *Vazquez*, 2022 WL 2467655, at *2. But in *Black*, the Second Circuit held that due process challenges to prolonged detention under § 1226(c) should be reviewed using "the three-factor balancing test established in *Mathews [v. Eldridge*, 424 U.S. 319 (1976)]." 103 F.4th at 147. The three *Mathews* factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

Applying the *Mathews* factors, the Second Circuit concluded that the petitioners in *Black*, who had been detained pursuant to § 1226(c) without a bond hearing for seven months and 21 months, respectively, were entitled to "individualized bond hearings by an IJ." *Black*, 103 F.4th at 155. The Second Circuit further held that the burden was properly on the government to justify detention by clear and convincing evidence and that the IJ was required to consider the ability to pay and alternatives to detention when setting any bond amount. *Id.* at 155-58.

Here, Respondents concede that *Black* controls and that "applying that decision here would likely lead to a grant of the habeas petition." (Dkt. 6-1 at 7). But Respondents "preserve" their objection to *Black* and reserve all rights, including the right to appeal. (*Id.* at 7).

- 4 -

As Respondents note, this Court is bound by the Second Circuit holding in *Black* and there is no basis to depart from that holding. Applying the *Mathews* factors to Petitioner's detention, the Court concludes that, as ordered on February 1, 2026, Petitioner is entitled to a bond hearing. (Dkt. 7). As for the first factor, Petitioner's private interest "is the most significant liberty interest there is—the interest in being free from imprisonment," *Black*, 103 F.4th at 151 (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)), and Petitioner's current immigration detention, now exceeding one year, is significant and weighs in favor of a due process remedy. And given the lack of bond rights under § 1226(c), without this Court's intervention, Petitioner's detention will continue for a long time.

Consideration of the second factor also weighs in favor of an individualized bond hearing because of the limited options detainees under § 1226(c) are provided to contest the length of detention. *See Black*, 103 F. 4th at 152 ("Here, the almost nonexistent procedural protections in place for section 1226(c) detainees markedly increased the risk of an erroneous deprivation of Petitioner's private liberty interests."); *Peralta-Malla v. Mullin*, No. 26 CIV. 2903 (AT), 2026 WL 1346325, at *5 (S.D.N.Y. May 14, 2026) (same); *Joseph v. Arteta*, No. 26-CV-2979 (JGK), 2026 WL 1193489, at *6 (S.D.N.Y. Apr. 30, 2026) (second *Mathews* factor favored petitioner detained under §1226(c) due to lack of any "procedural safeguards in place to determine whether his detention has become unreasonably prolonged" under that statute). After completion of his criminal detention, Petitioner was transferred into ICE custody without any individualized assessment of his danger or flight risk. *Sosa v. Warden of Orange Cty. Corr.*, No. 26 CIV. 2304 (DEH),

2026 WL 1803814, at *6 (S.D.N.Y. June 23, 2026) (finding risk of erroneous deprivation of liberty where § 1226(c) statutory procedures were "virtually nonexistent" and petitioner "fully served his sentences for his misdemeanor convictions, and there is no assertion that he has engaged in any kind of unlawful conduct in the approximately eight years since those convictions"); *D.C. v. Noem*, No. 26 CIV. 1833 (PAE), 2026 WL 787895, at *9 (S.D.N.Y. Mar. 20, 2026) ("A bond hearing would permit D.C. to pursue these arguments for release.  The absence of such a hearing gives rise to a risk that his continued detention is unnecessary.").

As for the third factor, the Court acknowledges that the government's discretion to detain individuals under § 1226(c) "is valid where it advances a legitimate governmental purpose,' such as 'ensuring the appearance of aliens at future immigration proceedings and preventing danger to the community," *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 495-96 (S.D.N.Y. 2025), but concludes that those interests are not unduly encumbered by granting a bond hearing here.

## II.  Petitioner's Motion for Stay and to Enforce

On February 9, 2026, Petitioner filed a motion seeking conditional release or alternatively, a stay of the action enjoining Respondents from conducting any bond hearing absent further order from the Court.  (Dkt. 9).  It appears that the motion was filed before Petitioner received this Court's order requiring a bond hearing.  Because the hearing was ultimately conducted, this motion is denied as moot.

In addition, following his bond hearing, Petitioner filed a motion to enforce, arguing that he did not receive a constitutionally-adequate hearing.  (Dkt. 14).  Petitioner challenges

the IJ's determination that Respondents met their burden of proof by clear and convincing evidence that Petitioner was a danger and flight risk.  The Court set a briefing schedule (Dkt. 15) and directed Respondents to provide a copy of the bond hearing transcript, which they have done (Dkt. 23-2).

In reviewing Petitioner's motion to enforce, "it is important to emphasize that the Court's task is narrow: it is to determine whether Respondent complied with the Decision and Order, not to review the hearing evidence de novo[.]" *Apollinaire v. Barr*, No. 19-CV-6285-FPG, 2019 WL 4023560, at *3 (W.D.N.Y. Aug. 27, 2019); *see Gutierrez Cupido v. Barr*, No. 19-CV-6367-FPG, 2020 WL 103477, at *3 (W.D.N.Y. Jan. 9, 2020) (same); *Nguti v. Sessions*, No. 16-CV-6703, 2017 WL 5891328, at *2 (W.D.N.Y. Nov. 29, 2017) ("In reviewing the government's compliance with the May 2, 2017 order, this Court is careful not to overstep its bounds and set aside an immigration judge's bond determination on discretionary or evidentiary grounds.").  Upon careful review of the bond hearing transcript (Dkt. 23-2), along with Petitioner's papers in support of the motion (Dkt. 14; Dkt. 17; Dkt. 19; Dkt. 20; Dkt. 22; Dkt. 25) and Respondents' opposition (Dkt. 16; Dkt. 23), the Court does not find that the IJ failed to comply with its Order.  Indeed, the IJ placed the burden on Respondents to show danger and flight by clear and convincing evidence, and he also considered whether alternatives to detention could protect against those risks (concluding that they could not).  (*See* Dkt. 23-1; Dkt. 23-2).  Because it is not the Court's job to substitute judgment for the IJ, the motion to enforce is denied.

## CONCLUSION

For the foregoing reasons, the petition is granted to the extent Petitioner seeks a bond hearing consistent with the provisions of the Court's Text Order entered on February 1, 2026. (See Dkt. 7). Petitioner's motion for a stay (Dkt. 9) is denied as moot, and the motion to enforce (Dkt. 14) is denied for the reasons set forth herein. The issues raised by the petition have now been resolved and the Clerk of Court is accordingly directed to close this case.

SO ORDERED.

Dated:      July 7, 2026
            Rochester, New York

ELIZABETH A. WOLFORD
CHIEF JUDGE
UNITED STATES DISTRICT COURT